**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Chief Judge Marcia S. Krieger**

**Civil Action No. 14-cv-00144-MSK-KLM**

**STANLEY LIEBLEIN, derivatively on behalf of The Western Union Company,**

    **Plaintiff,**

v.

**HIKMET ERSEK;
SCOTT T. SCHEIRMAN,
JACK M. GREENBERG,
DINYAR S. DEVITRE,
RICHARD A. GOODMAN,
BETSY D. HOLDEN,
LINDA FAYNE LEVINSON,
ROBERTO G. MENDOZA,
MICHAEL A. MILES, JR.,
WULF VON SCHIMMELMANN, and
SOLOMON D. TRUJILLO,**

    **Defendants,**

**-and-**

**THE WESTERN UNION COMPANY,**

    **Nominal Defendant.**

-------------------------------
and
-------------------------------

**Civil Action No. 14-cv-00385-WJM-MJW**

**R. ANDRE KLEIN, derivatively on behalf of The Western Union Company,**

    **Plaintiff,**

v.

**HIKMET ERSEK,
SCOTT T. SCHEIRMAN,
JACK M. GREENBERG,
DINYAR S. DEVITRE,**

1

**RICHARD A. GOODMAN,**
**BETSY D. HOLDEN,**
**LINDA FAYNE LEVINSON,**
**ROBERTO G. MENDOZA,**
**MICHAEL A. MILES, JR.,**
**WULF VON SCHIMMELMANN, and**
**SOLOMON D. TRUJILLO,**

      Defendants,

**and**

**THE WESTERN UNION COMPANY,**

      Nominal Defendant.

------------------------------
and
------------------------------

**Civil Action No. 14-cv-00451-MSK-CBS**

**CITY OF CAMBRIDGE RETIREMENT SYSTEM, derivatively on behalf of The Western Union Company,**

      Plaintiff,

v.

**DINYAR S. DEVITRE,**
**HIKMET ERSEK,**
**RICHARD A. GOODMAN,**
**JACK M. GREENBERG,**
**BETSY D. HOLDEN,**
**LINDA FAYNE LEVINSON,**
**ROBERTO G. MENDOZA,**
**MICHAEL A. MILES,**
**WULF VON SCHIMMELMANN,**
**SOLOMON D. TRUJILLO,**
**JOHN R. DYE,**
**SCOTT T. SCHEIRMAN, and**
**STEWART A. STOCKDALE,**

      Defendants,

**and**

**THE WESTERN UNION COMPANY,**

  **Nominal Defendant.**

------------------------------
and
------------------------------

**Civil Action No. 14-cv-00599-MSK-MEH**

**MAYAR FUND, LTD., derivatively on behalf of The Western Union Company,**

  **Plaintiff,**

**v.**

**HIKMET ERSEK;**
**SCOTT T. SCHEIRMAN,**
**JACK M. GREENBERG,**
**DINYAR S. DEVITRE,**
**RICHARD A. GOODMAN,**
**BETSY D. HOLDEN,**
**LINDA FAYNE LEVINSON,**
**ROBERTO G. MENDOZA,**
**MICHAEL A. MILES, JR.,**
**WULF VON SCHIMMELMANN, and**
**SOLOMON D. TRUJILLO,**

  **Defendants,**

**-and-**

**THE WESTERN UNION COMPANY,**

  **Nominal Defendant.**

------------------------------
and
------------------------------

**Civil Action No. 14-cv-00641-MSK-BNB**

**LOUISIANA MUNICIPAL POLICE EMPLOYEES' RETIREMENT SYSTEM, derivatively on behalf of The Western Union Company,**

  **Plaintiff,**

**v.**

**DINYAR S. DEVITRE,**
**HIKMET ERSEK,**

3

**RICHARD A. GOODMAN,**
**JACK M. GREENBERG,**
**BETSY D. HOLDEN,**
**LINDA FAYNE LEVINSON,**
**ROBERTO G. MENDOZA,**
**MICHAEL A. MILES,**
**WULF VON SCHIMMELMANN,**
**SOLOMON D. TRUJILLO,**
**SCOTT T. SCHEIRMAN, and**
**STEWART A. STOCKDALE,**
,

    **Defendants,**

**-and-**

**THE WESTERN UNION COMPANY,**

    **Nominal Defendant.**

------------------------------
and
------------------------------

**Civil Action No. 14-cv-00708-MSK-CBS**

**MARTA/ATU LOCAL 732 EMPLOYEES RETIREMENT PLAN, derivatively on behalf of The Western Union Company,**

    **Plaintiff,**

**v.**

**HIKMET ERSEK;**
**SCOTT T. SCHEIRMAN,**
**JACK M. GREENBERG,**
**DINYAR S. DEVITRE,**
**RICHARD A. GOODMAN,**
**BETSY D. HOLDEN,**
**LINDA FAYNE LEVINSON,**
**ROBERTO G. MENDOZA,**
**MICHAEL A. MILES, JR.,**
**WULF VON SCHIMMELMANN, and**
**SOLOMON D. TRUJILLO,**

    **Defendants,**

**-and-**

**THE WESTERN UNION COMPANY,**

    **Nominal Defendant.**

_____

**OPINION AND ORDER GRANTING MOTIONS TO CONSOLIDATE AND FOR APPOINTMENT OF LEAD PLAINTIFFS**
_____

**THESE MATTERS** come before the Court pursuant to Motions by Plaintiff Stanley Lieblein **(# 15** in 14-cv-144), Plaintiff MART/ATU Local 732 Employees Retirement Plan ("MARTA") **(# 19)**, and Nominal Defendant Western Union **(# 32)** to consolidate the above-captioned cases; and motions by Plaintiffs City of Cambridge Retirement System ("Cambridge"), Louisiana Municipal Police Employees' Retirement System, and Mayar Fund Ltd. (collectively, the "Institutional Plaintiffs") **(# 18)**, and MART/ATU Local 732 Employees Retirement Plan ("MARTA") **(# 19)** for designation as lead Plaintiffs. Subsequent to the filing of the various motions seeking Lead Plaintiff designations, the Institutional Plaintiffs and MARTA filed a joint motion **(# 27)** that withdraws Institutional Plaintiffs' and MARTA's prior motions, and requests that Plaintiffs Cambridge Retirement System and MARTA be appointed as co-Lead Plaintiffs. No party in any of the above-captioned actions filed substantive opposition to Cambridge/MARTA's joint request.[1]

Turning first to the question of consolidation, the Court finds that each of the above-captioned cases raises most of the same claims against the same parties, such that consolidation of the cases into a single action under Fed. R. Civ. P. 42(a) is appropriate. Accordingly, the

---

[1] Western Union filed an advisory, non-substantive response **(# 28)** to the joint motion, raising certain collateral points, and MARTA filed a reply **(# 27)**.

5

Court consolidates all of the above-captioned actions into the lowest-numbered action, the *Lieblein* case, 14-cv-00144-MSK-KLM.

Next, the Court addresses Cambridge and MARTA's request for designation as "Lead Plaintff." Although no statutory authority exists for the appointment of a lead plaintiff in shareholder derivative actions, the Court's inherent powers over the administration of cases authorizes it to create a structure that ensures the efficient and effective coordination of litigation. *In re Doral Financial Corp. Securities Litigation*, 2006 WL 1120491 (S.D.N.Y. Apr. 27, 2006) (slip op.). Here, given the fact that each named Plaintiff purports to bring their action not in their own names and for their own interests, but rather, in a derivative capacity on behalf of all eligible Western Union shareholders, the Court sees unnecessary duplication in each of the named plaintiffs continuing to proceed on behalf of the same group of shareholders. Accordingly, the Court agrees that designation of a "Lead Plaintiff" to prosecute the litigation, to the exclusion of other putative plaintiffs, is appropriate.

Cambridge and MARTA request that the Court designate them jointly as co-Lead Plaintiffs, and no party in any of the other captioned cases has objected to that request. The Court finds that Cambridge and MARTA each hold in excess of 10,000 shares in Western Union, and thus, both entities can be expected to vigorously pursue the interests of Western Union shareholders. Although the Court shares Western Union's generalized concerns over appointing multiple "Lead Plaintiffs" (and, correspondingly, multiple "lead counsel"), the Court is assured by Cambridge and MARTA's joint motion that the two entities are fully prepared to coordinate their efforts so as to minimize internal disagreements and present a united position on behalf

the plaintiffs. Accordingly, the Court appoints Cambridge and MARTA to serve as co-Lead Plaintiffs in this action.[2]

Accordingly, the parties' motions for consolidation (**# 15, 19, 32** in 14-cv-144) are **GRANTED**, and the above-captioned cases are **CONSOLIDATED** into the lowest-numbered case, the *Lieblein* action, 14-cv-00144-MSK-KLM.[3] All future filings in any of the consolidated actions shall be made only in the 14-cv-00144 action, and the Clerk of the Court may close the remaining actions for administrative purposes. The Court **GRANTS** the joint motion (**# 27**) of Cambridge and MARTA to be appointed as Lead Plaintiffs, and deems the prior motions to that effect (**# 18 19**) to be withdrawn. Within 30 days of this Order, Cambridge and MARTA shall

---

[2]   This Court declines to adhere to the custom of designating "Lead Counsel" in addition to a "Lead Plaintiff." In concluding that Cambridge and MARTA are capable of adequately representing the interests of affected shareholders, the Court has implicitly granted them the discretion to retain one or more qualified law firms to represent them in this action (and, according to the representations in the joint motion, both entities agree that both firms representing them have sufficient qualifications). The Court is reluctant to become involved in "designating" counsel to act on their behalf or purporting to approve Cambridge and MARTA's initial selection of counsel, as such approval necessarily suggests that these entities would have to return to the Court for additional authorization should they decide in the future to retain different counsel and otherwise needlessly involves the Court in the internal decision making of the parties. Should a party or shareholder become concerned that the counsel the Lead Plaintiffs have retained is not sufficiently qualified, that matter can be raised with the Court and, if necessary, the Court can revisit the question of whether the Lead Plaintiffs have shown an ability to adequately represent the interests of all shareholders.

That noted, however, should the Lead Plaintiffs choose to retain more than one law firm, they will be obligated to avoid any duplication in services or charges, including but not limited to charges for communication between firms. In reviewing any fee request, the Court will be particularly cognizant of the possibility of unnecessary and duplicative services and charges.

[3]   To effectuate that consolidation, the *Klein* case, 14-cv-00385-WJM-MJW, is hereby reassigned to the undersigned pursuant to D.C. Colo. L. Civ. R. 42.1

file a Consolidated Complaint that will govern the litigation going forward, adopting or discarding parties and claims asserted in the various consolidated actions as Cambridge and MARTA see fit.

Dated this 5th day of January, 2015.

**BY THE COURT:**

Marcia S. Krieger
Chief United States District Judge