**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.  14-cv-00144-MSK-KLM

STANLEY LIEBLEIN, derivatively on behalf of THE WESTERN UNION COMPANY,
CITY OF CAMBRIDGE RETIREMENT SYSTEM, and
MARTA/ATU LOCAL 732 EMPLOYEES RETIREMENT PLAN

       Plaintiffs,

v.

HIKMET ERSEK,
SCOTT T. SCHEIRMAN,
JACK M. GREENBERG,
DINYAR S. DEVITRE,
RICHARD A. GOODMAN,
BETSY D. HOLDEN,
LINDA FAYNE LEVINSON,
ROBERT G. MENDOZA,
SOLOMON D. TRUJILLO,
FRANCES M. FRAGOS TOWNSEND

       Defendants,

-and-

THE WESTERN UNION COMPANY, a Delaware Corporation,

       Nominal Defendant.

---

**UNOPPOSED MOTION TO RESTRICT ACCESS TO VERIFIED**
**CONSOLIDATED SHAREHOLDER DERIVATIVE COMPLAINT**

---

City of Cambridge Retirement System and MARTA/ATU Local 732 Employees

Retirement Plan ("Co-Lead Plaintiffs"), by and through their undersigned counsel and pursuant

to D.C.COLO.LCivR 7.2, respectfully move the Court for entry of an Order providing that the

unredacted version of the Verified Consolidated Shareholder Derivative Complaint and Jury

Demand (Doc. #38) (the "Consolidated Complaint") be designated as a Level 1 Restricted

Document, with access limited to the parties and the Court (the "Motion to Restrict"). A non-restricted, redacted version of the Consolidated Complaint was filed concurrently with the Motion to Restrict, and is attached hereto as Exhibit A.

## CERTIFICATION OF COMPLIANCE

Pursuant to D.C.COLO.LCivR 7.1(A), counsel for Co-Lead Plaintiffs has conferred with counsel for defendants, who state that they consent to the relief sought herein. Counsel for defendants also concur with the redactions set forth in the non-restricted, redacted version of the Consolidated Complaint, filed herewith and attached as Exhibit A.

## BACKGROUND

This stockholder derivative action is brought by Co-Lead Plaintiffs on behalf of nominal defendant The Western Union Company ("Western Union" or the "Company") against directors and officers of the Company for their alleged breaches of fiduciary duties, which have allegedly caused extensive harm to the Company.

In connection with their ongoing investigation and preparation of the Consolidated Complaint, counsel for Co-Lead Plaintiffs received access to confidential, internal business records of Western Union (the "§220 Documents"), which were disclosed in response to a stockholder Demand Letter for the Inspection of Books and Records under §220 of the Delaware General Corporation Law (the "Demand Letter").[1] The documents contain non-public details of Western Union's internal management, operations, and confidential business strategies, and were produced pursuant to a Confidentiality and Non-Disclosure Agreement (the "Confidentiality Agreement"). Under the terms of the Confidentiality Agreement, Co-Lead Plaintiffs must hold

---

[1] Western Union is a Delaware corporation headquartered in Englewood, Colorado. Consolidated Complaint, ¶27. DGCL §220 provides that any stockholder of a Delaware corporation, "shall, upon written demand under oath stating the purpose thereof, have the right during the usual hours for business to inspect for any proper purpose, and to make copies and extracts from ... the corporation's stock ledger, a list of its stockholders, and its other books and records." 8 *Del. C.* §220.

2

all §220 Documents and their contents in confidence, and may not disclose, publish, disseminate, or communicate information contained therein.

Co-Lead Plaintiffs may use information from the §220 Documents in their Consolidated Complaint.  But, when doing so, the Confidentiality Agreement requires that Co-Lead Plaintiffs endeavor to restrict public access to confidential information, including by redacting the publicly available version of any pleadings and filing the unredacted version of such pleadings under seal. Unless the unredacted version of the Consolidated Complaint is afforded Level 1 Restricted Access, the confidential information will become publicly available, creating the real risk that this information could be used for improper purposes and cause Western Union meaningful harm.   Accordingly,  under  D.C.COLO.LCivR 7.2,  restricting  access  to  the  portions  of  the Consolidated Complaint based on non-public information is appropriate and warranted.

## LEGAL STANDARD

D.C.COLO.LCivR 7.2(c) requires a party seeking to restrict public access to:  (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restricted access is practicable or why only restricted access will adequately protect the interest in question; and (5) identify the restriction level sought.   A motion to restrict is addressed to this Court's discretion.  *See, e.g.*, *SBM Site Services, LLC*, No. 10-cv-00385, 2011 WL 1375117 (D. Colo. Apr. 12, 2011) ("Access properly is denied where court files might serve as a source of business information that could harm a litigant's competitive standing.") (citing *Huddleson v. City of Pueblo*, 270 F.R.D. 635, 637 (D. Colo. 2010)) (quoting *Nixon v. Warner Comm'cns, Inc.*, 435 U.S. 589, 598 (1978)).  "Access [to court files] has been denied where court files might have become a vehicle for improper purposes …. [C]ourts have refused to permit

their files to serve as … sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598.

## THE MOTION TO RESTRICT SHOULD BE GRANTED

1. **Co-Lead Plaintiffs Seek to Restrict Access to Non-Public Information from §220 Documents in The Consolidated Complaint**

Co-Lead Plaintiffs respectfully request that the Court restrict access to the unredacted version of the Consolidated Complaint, which was filed on the above-referenced docket as Doc. #38 on February 4, 2015. The Consolidated Complaint and referenced Exhibit 1 thereto make certain allegations based on non-public information derived from the §220 Documents, including, for example, minutes and presentations from board of directors and committee meetings, which convey the Company's strategic plans and address similar sensitive matters. For the Court's convenience, those allegations are highlighted in grey in the unredacted version of the Consolidated Complaint.

Co-Lead Plaintiffs in this derivative action and Defendants both have an interest in protecting Western Union's confidential business information from disclosure. Western Union will be harmed by disclosure of information that can be used for improper purposes, including by competitors. Thus, as a condition of producing the §220 Documents, Western Union insisted on a Confidentiality Agreement to protect the confidentiality of the produced documents, the purpose of which would be defeated if the Motion to Restrict were denied. Indeed, the Company has informed counsel for Co-Lead Plaintiffs that unrestricted dissemination of the confidential information would unfairly compromise Western Union's business interests by making Western Union's internal business strategies and plans available to competitors. Thus, denial of the Motion to Restrict would adversely affect the Company, as well as the Co-Lead Plaintiffs and other Western Union stockholders who are interested in protecting the Company.

This Court's review of the proposed redactions will reveal that the information that would be withheld from public disclosure will not prevent the public from understanding Co-

4

Lead Plaintiffs' allegations and is, in any event, of little interest to the general public. Co-Lead Plaintiffs respectfully submit that the complaint with modest redactions (attached as Exhibit A and filed on the public docket on February 18, 2015) appropriately balances the public interest in access to court filings with Western Union's interest in protecting the §220 Documents from widespread public disclosure. *See Huddleson*, 270 F.R.D. at 637 (recognizing an exception to the general rule of open access to court files where such files contain "business information that might harm a litigant's competitive standing").

> **2.     Western Union's Confidential Business Information Can Only Be Protected by Restricting Access to the Consolidated Complaint**

The unredacted Consolidated Complaint makes numerous, particularized allegations regarding Western Union's business practices that are derived in part from the §220 Documents. If the Motion to Restrict is denied, any third party, including competitors of Western Union, will have access to the unredacted Consolidated Complaint and the confidential information described therein. Thus, restricting access to the Consolidated Complaint is the only relief that can protect Western Union from harm.

### CONCLUSION

For the foregoing reasons, Co-Lead Plaintiffs respectfully request that the Court enter an Order providing that the unredacted version of the Consolidated Complaint (filed on the above-referenced docket as Doc. 38) be designated as a Level 1 Restricted Document, with access limited to parties and the Court.

DATED:  February 18, 2015                    Respectfully submitted,

DYER & BERENS LLP


 /s/ Jeffrey A. Berens
Jeffrey A. Berens
303 East 17th Avenue, Suite 810
Denver, CO  80203
(303) 861-1764 (Telephone)

(303) 395-0393 (Facsimile)
jeff@dyerberens.com

*Local Counsel for Lead Plaintiffs*

Mark Lebovitch
Jeroen van Kwawegen
Edward G. Timlin
BERNSTEIN LITOWITZ BERGER
      & GROSSMANN LLP
1285 Avenue of the Americas
New York, NY 10019
(212) 554-1400
markl@blbglaw.com
jeroen@blbglaw.com
edward.timlin@blbglaw.com

Frank J. Johnson
Shawn E. Fields
JOHNSON & WEAVER, LLP
110 West "A" Street, Suite 750
San Diego, CA 92101
(619) 230-0063
frankj@johnsonandweaver.com
shawnf@johnsonandweaver.com

*Counsel for Lead Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on February 18, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the e-mail addresses denoted on the Court's Electronic Mail Notice List.

   /s/ Jeffrey A. Berens
Jeffrey A. Berens
DYER & BERENS LLP
303 East 17th Avenue, Suite 810
Denver, CO  80203
(303) 861-1764 (Telephone)
(303) 395-0393 (Facsimile)
jeff@dyerberens.com