IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-00144-MSK-KLM
        Consolidated with 14-cv-00385-MSK-MJW, 14-cv-00451-MSK-CBS, 14-cv-00599-
        MSK-MEH, 14-cv-00641-MSK-BNB, and 14-cv-00708-MSK-CBS

STANLEY LIEBLEIN, derivatively on behalf of THE WESTERN UNION COMPANY, CITY
OF CAMBRIDGE RETIREMENT SYSTEM, and MARTA/ATU LOCAL 732 EMPLOYEES
RETIREMENT PLAN,

        Plaintiffs,

v.

HIKMET ERSEK,
SCOTT T. SCHEIRMAN,
JACK M. GREENBERG,
DINYAR S. DEVITRE,
RICHARD A. GOODMAN,
BETSY D. HOLDEN,
LINDA FAYNE LEVINSON,
ROBERT G. MENDOZA,
SOLOMON D. TRUJILLO, and
FRANCES M FRAGOS TOWNSEND,

        Defendants, and

THE WESTERN UNION COMPANY, a Delaware corporation,

        Nominal Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

        This matter is before the Court on Defendants' **Unopposed Renewed Motion to**

**Stay Discovery** [#62][1] (the "Motion").

_____

        [1]  "[#62]" is an example of the convention the Court uses to identify the docket number
assigned to a specific paper by the Court's case management and electronic case filing system
(CM/ECF).  This convention is used throughout this Order.

Although the stay of proceedings in a case is generally disfavored, the Court has discretion to stay discovery while a dispositive motion is pending. *See Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007) ("A stay of all discovery is generally disfavored in this District." (citation omitted)); *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (finding that a thirty day stay of discovery was appropriate when a motion to dismiss for lack of personal jurisdiction was pending); *Nankivil v. Lockheed Martin Corp.*, 216 F.R.D. 689, 692 (M.D. Fla. 2003) (A stay may be appropriate if "resolution of a preliminary motion may dispose of the entire action."); 8 Charles Alan Wright, et al., *Federal Practice and Procedure* § 2040, at 521-22 (2d ed. 1994) ("[W]hen one issue may be determinative of a case, the court has discretion to stay discovery on other issues until the critical issue has been decided."); *Vivid Techs., Inc. v. Am. Sci. & Eng'g, Inc.*, 200 F.3d 795, 804 (Fed. Cir. 1999) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."); *Gilbert v. Ferry*, 401 F.3d 411, 415-16 (6th Cir. 2005) (finding that ordering a stay of discovery is not an abuse of discretion when a defendant has filed a motion to dismiss challenging the court's actual subject matter jurisdiction); *Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 2 (D.D.C. 2005) ("A stay of discovery pending the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." (internal quotation omitted)).

When exercising its discretion regarding whether to impose a stay, the Court considers the following factors: (1) the interest of the plaintiff in proceeding expeditiously

with discovery and the potential prejudice to the plaintiff of a delay; (2) the burden on the defendants of proceeding with discovery; (3) the convenience to the Court of staying discovery; (4) the interests of nonparties in either staying or proceeding with discovery; and (5) the public interest in either staying or proceeding with discovery. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PAC, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda*, No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

Regarding the first factor, Plaintiff is not opposed to a stay and therefore presumably will not suffer any prejudice from the imposition of a stay. Accordingly, the Court finds that the first *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the second factor, the Court finds that Defendants have demonstrated that proceeding with the discovery process presents an undue burden. Because the Motions to Dismiss focus on the jurisdictional issue of standing, any discovery may be for naught should the Motions to Dismiss be granted. Accordingly, the Court finds that the second *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the third factor, if the case remains "in a stagnant state" on the Court's docket due to a stay, judicial economy is enhanced, as is convenience to the Court. In those circumstances, scheduling and discovery issues will not be raised and will not take time from the Court that could otherwise be used to address other matters. Thus, it is certainly more convenient for the Court to stay discovery until it is clear that the case will proceed. *See Chavous v. D.C. Fin. Responsibility & Mgmt. Assistance Auth.*, 201 F.R.D. 1, 5 (D.D.C. 2001) (staying discovery pending decision on a dispositive motion that would fully resolve the case "furthers the ends of economy and efficiency, since if [the motion] is

granted, there will be no need for [further proceedings].").  The Court therefore finds that the third *String Cheese Incident* factor weighs in favor of staying discovery.

With regard to the fourth factor, Defendants assert that there are no nonparties with significant particularized interests in this matter at this stage of the case.  Accordingly, the fourth *String Cheese Incident* factor neither weighs in favor nor against staying discovery.

With regard to the fifth and final factor concerning the public interest, unnecessary expenditures of public and private resources on litigation will be minimized by a stay, judicial resources will likely ultimately be conserved by addressing dispositive issues early in the litigation, and both judicial and attorney resources will likely be conserved by clarifying and resolving disputed legal issues at the earliest possible time.  Overall, the public's interest in the efficient and just handling of legal disputes favors imposition of a stay in these circumstances.  Thus, the fifth *String Cheese Incident* factor  weighs in favor of staying discovery.

Weighing the relevant factors, the Court concludes that staying discovery pending resolution of Defendants' Motions to Dismiss is appropriate.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#62] is **GRANTED**.  Accordingly,

IT IS FURTHER **ORDERED** that all disclosure and discovery is **STAYED** pending resolution of the Motions to Dismiss [#56, #58].

DATED: April 20, 2015

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge